UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLEAR VIEW WEST, LLC, a California
limited liability company,

          Plaintiff,

vs.                                    Case No. 3:15-cv-1113-J-34MCR

CLEAR VIEW PRODUCTS SOUTHEAST,
INC., a Florida corporation; DARRYL
GRUBB, an individual, and UNIVERSAL
SCREENS, INC., a Florida corporation,

          Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On September 14, 2015, Plaintiff filed its Complaint (Doc. No. 1; Complaint), asserting that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, as well as 15 U.S.C. § 1121. Complaint ¶ 6. Although the Court acknowledges that it has federal question jurisdiction based on Plaintiff's claims in Count III that Defendants have violated § 43 of the Lanham Act, 15 U.S.C. § 1125, and supplemental jurisdiction over the state law claims, the Complaint fails to establish the Court's diversity jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

Plaintiff asserts that the Court has diversity jurisdiction because "complete diversity of citizenship exists." Complaint ¶ 6. Specifically, Plaintiff alleges that the Court has diversity jurisdiction over this action because: (1) no members of Plaintiff, a California LLC,

are citizens of Florida (Id. ¶ 1); (2) Defendants Clear View Products Southeast Inc. and Universal Screens, Inc. are Florida corporations with their principal places of business in Jacksonville, Florida (Id. ¶¶ 2, 3); and (3) Defendant Darryl Grubb is a "resident of Jacksonville, Florida and is the president of [Clear View Products Southeast, Inc. and Universal Screens, Inc.]," (Id. ¶ 4). However, Plaintiff fails to identify the members of the limited liability company and their citizenship, fails to properly allege the citizenship of Defendant Darryl Grubb, and fails to adequately establish that the amount in controversy meets the Court's jurisdictional threshold.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412 (11th Cir. 1999). For purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Therefore, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the limited liability company's members. See id. A review of the Complaint discloses that Plaintiff alleges neither the identities nor the nature of any of Plaintiff's members. See Complaint ¶ 1. Without knowledge of the identity and citizenship of Plaintiff's various members, the Court is unable to determine whether complete diversity exists between Plaintiff and Defendants. See Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661

F.3d 124, 125 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino P'ship, 312 F.3d 318, 320 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]").  Indeed, without such information, the Court cannot trace Plaintiff's members' citizenship "through however many layers of partners or members there may be." Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn, 661 F.3d at 126–27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

Moreover, Plaintiff's allegation that "[n]o members of Plaintiff are citizens of Florida" is insufficient to allow the Court to satisfy its obligation to assure complete diversity exists before exercising jurisdiction over this action.  Complaint ¶ 1.  It is well established that parties seeking to invoke a federal court's diversity jurisdiction cannot establish diversity in the negative; an affirmative identification of citizenship is necessary to assure that the adverse party is a citizen of a "state" as defined for purposes of 28 U.S.C. § 1332.[1]  See

---

[1] Plaintiff's allegation that none of its members are citizens of Florida does not foreclose the possibility that one or several of Plaintiff's members are "stateless" for the purposes of a diversity analysis.  The presence of a stateless person or an entity treated like a stateless person would destroy diversity jurisdiction.  See King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007) ("A United States citizen with no domicile in any state of this country is 'stateless' and cannot satisfy the complete diversity jurisdiction requirement . . . ."); see also D.B. Zwirn, 661 F.3d at 126 (""For instance, United States citizens who are domiciled abroad are citizens of no state; their stateless status destroy[s] complete diversity under § 1332(a)(3), and [their] United States citizenship destroy[s] complete diversity under § 1332(a)(2). . . . If, therefore, any member of Zwirn is a stateless person, or an entity treated like a stateless person, we would lack diversity jurisdiction.") (internal citations and quotations omitted);
(continued...)

Cameron v. Hodges, 127 U.S. 322, 324 (1888) (stating that an allegation that "none of the complainants are or were at that time citizens of said state of Arkansas" was not sufficient to establish jurisdiction); D.B. Zwirn, 661 F.3d at 126 (holding that the allegation that the defendant "is a citizen of Rhode Island and that [plaintiff] is not considered a citizen of Rhode Island" was not sufficient to establish jurisdiction); Meyerson, 299 F.3d at 617. Consequently, Plaintiff's allegation that none of its members are citizens of Florida is insufficient to establish complete diversity.

Additionally, although Plaintiff asserts that Defendant Darryl Grubb ("Defendant Grubb") "is a resident of Jacksonville, Florida and is the president of [Defendants Clear View Products Southeast, Inc. And Universal Screens, Inc.]," Plaintiff does not identify Defendant Grubb's citizenship. Complaint ¶ 4. To establish diversity jurisdiction over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002) (internal quotations and citations omitted); see also Miss. Band.of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("Domicile is not necessarily synonymous with

---

[1](...continued)
Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 184 (3d Cir. 2008) ("[I]f a partnership has among its partners any American citizen who is domiciled abroad, the partnership cannot sue (or be sued) in federal court based upon diversity jurisdiction.").

residence . . . .") (internal quotations and citations omitted). Thus, the Court is without sufficient information to establish complete diversity.

In addition to the inadequacy of Plaintiff's citizenship allegations, Plaintiff fails to allege the amount in controversy. Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction exists only "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Indeed, a complaint brought pursuant to the Court's diversity jurisdiction is "fatally defective unless it contains a proper allegation of the amount in controversy." Schlesinger v. Councilman, 420 U.S. 738, 744 n.9 (U.S. 1975). Here, Plaintiff did not present any allegations regarding the value of its claimed damages, and the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).

In light of the foregoing, the Court will give Plaintiff an additional opportunity to establish diversity of citizenship between the parties. Specifically, Plaintiff should allege facts sufficient to establish the citizenship of all members of the limited liability company Plaintiff, the citizenship of Defendant Grubb, and the amount in controversy. Otherwise, the case will proceed on the other asserted bases for jurisdiction only.[2]

---

[2] Because the Court recognizes that it has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, reliance on the existence of diversity jurisdiction will become necessary only if Plaintiff's Lanham Act claim is resolved before trial. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (where a plaintiff's federal claim is dismissed prior to trial, a district court is encouraged to dismiss any remaining state law claims).

Accordingly, it is **ORDERED**:

Plaintiff shall have until **OCTOBER 14TH, 2015** to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on September 18, 2015.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc20
Copies to:

Counsel of Record
Pro Se Parties

-6-